UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.17-60086-Cr-MIDDLEBROOKS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

JOHNNY TORRES,

       Defendant.
_____/

## ORDER ON DEFENDANT'S COMPETENCY AND COMPETENCY TO PROCEED *PRO SE*

**THIS CAUSE** has come before this Court upon the Joint Motion by the Government and the defendant for a Mental Health Evaluation to determine the competency of the defendant to represent himself *pro se* and to stand trial (DE 9) and this Court's Order to determine competency (DE 10). This Court held hearings on September 1, 2017, and November 13, 2017. After having considered the motion, the evidence adduced at the hearing, and the applicable law, this Court makes the following findings of fact and conclusions of law.

## BACKGROUND

On March 23, 2017, the Defendant was charged in an Indictment with Failing to Register as a Sex Offender. (DE 1). The Defendant had his initial appearance on 3/24/17 (DEs 4, 38). At the request of the Defendant on that date this Court held a *Faretta* hearing and initially determined that he executed a knowing, intelligent and voluntary waiver of his right to counsel and this Court appointed the Federal Public Defender's Office as standby counsel. (DE 38, pgs 3-14). When this Court attempted to arraign the Defendant on the Indictment it became apparent that the Defendant did not understand the Indictment so this Court revoked the Defendant's *pro*

*se* status and appointed the Federal Public Defender's Office to represent him. (DE 38, pg. 17). The Defendant was then arraigned.

On March 31, 2017, the parties jointly moved to have the Defendant examined to see if he is competent to proceed to trial and to represent himself. (DEs 9, 10).

At the initial competency hearing on 9/1/17, Bureau of Prisons forensic psychologist Dr. Lisa Feldman and the Defendant's forensic psychologist testified about their evaluations of the Defendant and their conclusions. (DE 36). Dr. Feldman testified that the Defendant was not cooperative and ultimately refused to provide her with his medical records of prior mental health evaluations. Dr. Feldman concluded that the Defendant lacked the ability to assist his attorney in his own defense. (DE 18, pg. 10). Dr. Fichera, who was exclusively given access to an attorney who represented the Defendant in civil commitment proceedings between 2006 and 2008, concluded that the Defendant was not suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense, and that he has the capacity to make an informed decision regarding self-representation. (DE 26-1).

Since the Defendant had not provided, and the Government had not subpoenaed, the Defendant's extensive records of mental evaluations, this Court continued the 9/1/17 competency hearing and ordered that the records be produced for an expedited amended competency evaluation to be completed no later than October 25, 2017. DE 33. On October 26, 2017 the Government advised the Court that the records had not been received in time for the evaluation to be completed so the competency hearing was continued until 11/13/17. DE 40.

At the beginning of the continued competency hearing on 11/13/17, the Government

advised the Court that Dr. Feldman had gone on leave on 10/19/17 for reasons unknown to the AUSA and that the Government was asking for an additional amount of time for a different forensic psychologist to conduct a new evaluation of the Defendant. After hearing additional testimony from Dr. Fichera, this Court, and the parties, agreed that there was sufficient evidence to draw conclusions about the competency of the Defendant.

Dr. Frichera testified on 11/13/17 that he had reviewed the extensive medical records evaluating the Defendant for many years. There were no records of serious mental impairments, with the possible exception of an evaluation nearly two decades years ago that concluded that the Defendant at that time was suffering from an unspecified psychosis. DE 41-2. After conducting his additional review Dr. Fichera affirmed his original evaluation of the Defendant. *Id.*

to *Indiana v. Edwards*, 128 S.Ct. 2379 (2008), an evaluation to determine if the Defendant suffers from a severe mental illness to the point where he is not competent to conduct trial proceedings by himself was also ordered. (DE 12).

## DISCUSSION

1) Competency to stand trial:

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the Government from prosecuting defendants who are incompetent. *See* U.S. Const. Amend. V; *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The Eleventh Circuit has stated that "[f]or a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'" *United States v.*

*Rahim*, 431 F.3d 753, 760 (11th Cir. 2005) (*quoting Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). *See also United States v. Giron-Reyes*, 234 F.3d 78, 80 (1st Cir. 2000) (providing that for a defendant to be found competent to stand trial or plead guilty, a defendant must be able to understand the proceedings against him and have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding) (*citing Godinez v. Moran*, 509 U.S. 389, 398 (1993); and, *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

The relevant statute provides in part,

> **(d) Determination and disposition**.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. . .

18 U.S.C. § 4241(d) (2006).[1] *See also United States v. Abou-Kassem*, 78 F.3d 161164-165, n. 8 (5th Cir. 1996) (*citing* 18 U.S.C. § 4241(d)), *cert. denied*, 519 U.S. 818 (1996). The preponderance of the evidence standard of proof requires the factfinder to find "that the existence of [the] fact is more probable than its nonexistence." *In re Winship*, 397 U.S. 358, 371 (1970).

According to the Eleventh Circuit, a court is required to hold a competency hearing wherever there is a "bona fide doubt" as to the defendant's competence. *See Rahim*, 431 F.3d at 759 (*citing Pate*, 383 U.S. at 385) (affirming trial court's imposition of sentence upon defendant without a competency hearing because the defendant did not raise a "bona fide doubt" as to his

---

[1] *See also* 18 U.S.C. § 4241(a) (2006) (providing the court shall grant a motion for a competency hearing, or shall order such a hearing sua sponte, where "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.")

competence); *Watts v. Singletary*, 87 F.3d 1282, 1287 (11th Cir. 1996) (reiterating the "bona fide doubt" standard) (*citing James v. Singletary*, 957 F.2d 1562, 1570 (11th Cir. 1992), *cert. denied*, 510 U.S. 896 (1993); and, *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir. 1987)).

Once the issue of competency arises, the defendant must prove his incompetence by a preponderance of the evidence. *See* 18 U.S.C. § 4241(d); *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence.") (*citing* 18 U.S.C. § 4241). In making a competency determination, the Court may consider a number of factors, including the defendant's behavior in the courtroom, evidence of irrational behavior, and any prior medical opinions as to competence. *See Drope v. Missouri*, 420 U.S. 162, 180 (1975). Similarly, the Eleventh Circuit has permitted the Court to consider a defendant's behavior and statements in open court, letters drafted by the defendant, and previous psychological evaluations. *See Rahim*, 431 F.3d at 759. *See also Watts*, 87 F.3d at 1287 (providing that information relevant to a competency determination may include "evidence of a defendant's irrational behavior, demeanor at trial, or prior medical opinion."); *United States v. Muriel-Cruz*, 412 F.3d 9, 13 (1st Cir. 2005) (providing that the court may rely upon written medical opinions, observations by the court, counsel, and the defendant himself) (*citations omitted*). Evidence of incompetency need not be in the form of admissible evidence. *See Rahim* at 759 (finding that the court did not clearly err in finding the defendant competent at sentencing in light of the defendant's statements made at previous sentencing hearings, statements contained within a letter drafted by the defendant and seized from the defendant's jail cell, and reports from two previous psychological evaluations) (*citing Demos v. Johnson*, 835 F.2d 840, 843 (11th Cir. 1988)).

5

While the Court may consider expert testimony in determining competency, the Court is free to assign whatever weight the Court determines is due to such testimony. *See Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005) (affirming the district court's decision finding the defendant competent because the Government's experts were determined to be more persuasive). When ". . . faced with 'diametrically opposite expert testimony,' a district court does not clearly err simply by crediting one opinion over another where other record evidence exists to support the conclusion." *Battle*, 419 F.3d at 1299 (*quoting Johnston v. Singletary*, 162 F.3d 630, 639 (11th Cir. 1998)). *See also Frank*, 956 F.2d at 876 (affirming the district court's decision to reject the testimony of the defense experts, and give greater weight to the Government's experts.)

This Court finds the testimony and report of Doctor Frichera to be credible, insightful, and consistent with the Defendant's extensive history of mental evaluations and this Court's observations of the Defendant. Moreover, this Court discounts the evaluation of Dr. Feldman since it was substantially hampered by the lack of cooperation of the Defendant and the lack of access to his extensive history of medical evaluations.

Application of the foregoing leads this Court to recommend that the Defendant is competent to stand trial or enter a guilty plea because he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as factual understanding of the proceedings against him." *Rahim*, 431 F.3d at 760. This Court further finds that the Defendant is competent because he is not presently suffering from a mental disease or defect that renders him "mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in

his defense." 18 U.S.C. § 4241(d).

2) Competency to proceed *pro se*:

"A defendant may waive his right to counsel and represent himself so long as his choice to do so is made voluntarily and knowingly, with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *See Jones v. Walker*, 540 F.3d 1277, 1287-88 (11th Cir.2008) ( *en banc* ) (quotation marks, citation, and footnote omitted).

Before a court concludes that a defendant has knowingly waived his right to counsel, the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541 (1975) (quotation marks and citation omitted).

The Eleventh Circuit has identified several factors that are useful in determining whether a defendant has knowingly chosen to represent himself:
"1) the defendant's age, health, and education; 2) the defendant's contact with lawyers prior to trial; 3) the defendant's knowledge of the nature of the charges and possible defenses and penalties; 4) the defendant's understanding of the rules of evidence, procedure and courtroom decorum; 5) the defendant's experience in criminal trials; 6) whether standby counsel was appointed and, if so, the extent to which standby counsel aided in the trial; 7) any mistreatment or coercion of the defendant; and 8) whether the defendant was attempting to manipulate the trial."
*United States v. Kimball*, 291 F.3d 726, 730-31 (11th Cir 2002).

"[T]he Constitution permits judges to take realistic account of the particular defendant's

mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under Dusky but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." *Indiana v. Edwards*, 554 U.S. ----, 128 S.Ct. 2379, 2387-88, 171 L.Ed.2d 345 (2008). "If, when viewing all relevant circumstances, a court concludes a defendant's equivocal, irrational, or otherwise uncooperative conduct stems from serious mental illness, confusion, or any other condition indicative of a lack of understanding, the court should prohibit the defendant from proceeding *pro se*, even if the defendant has rejected counsel or made an affirmative request to proceed without counsel." *United States v. Garey*, 540 F.3d 1253, 1268 fn. 9 (11th Cir. 2008).

The Defendant has had approximately six prior criminal cases in New York State in the past seventeen years. Approximately two years ago he proceeded *pro se* in a case that went to trial where the Defendant was convicted on one count, with the other counts dismissed. The Defendant has had extensive contact with his appointed attorney, and intends to extensively utilize her as standby counsel. This Court is convinced that the Defendant is mindful of the risks inherent in proceeding *pro se*, has demonstrated an understanding of the case against him and possible defenses, and is aware of the rules of criminal law, evidence, procedure and courtroom decorum.

The Defendant's mental condition does not rise to the level of a "severe mental illness" precluding competent self-representation. *Edwards*, 554 U.S. at 178, 128 S.Ct. 2379 (schizophrenia constituted a severe mental illness). *See also United States v. Brugnara*, 856 F.3d

1198, 1214 (9th Cir. 2017)(bipolar disorder, delusional disorder, and narcissistic personality disorder did not constitute severe mental illnesses).   Accordingly, this Court finds, by a preponderance of the evidence, that Defendant is **NOT** "presently suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); and, has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Rahim*, 431 F.3d at 760. As such, Defendant is **COMPETENT** to stand trial or enter a guilty plea.

In addition, this Court finds that Defendant does not suffer from severe mental illness to the point where he is not competent to conduct trial proceedings by himself. *Indiana v. Edwards*, 554 U.S. ----, 128 S.Ct. 2379, 2387-88, 171 L.Ed.2d 345 (2008). Thus, this Court finds that he Defendant is **COMPETENT** to proceed *pro se*. This Court further finds that the Defendant knowingly, voluntarily and intelligently elects to do so, with the aid of standby counsel.

**DONE and ORDERED** in Chambers this 16th day of November, 2017, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Donald M. Middlebrooks, United States District Court Judge
Counsel of Record
JOHNNY TORRES, *pro se*